## UNITED STATES v. DAVIS et al.

### Cr. No. 11041.

United States District Court
M. D. Tennessee, Nashville Division.

Oct. 6, 1948.

Ward Hudgins, U. S. Dist. Atty., of Nashville, Tenn., for plaintiff.

D. L. Lansden and Jack Norman, both of Nashville, Tenn., for defendants.

DAVIES, District Judge.

The defendants in this case are charged with bribery and attempted bribery of one John G. Sims, Jr., described in the indictment as Contract Officer of the Vocational Rehabilitation and Education Division of the Veterans' Administration, "on a question and matter pending before him as such officer of the United States."

The point made by the motion is that the said John G. Sims, Jr., is not an officer of the United States as described in Section 91, Title 18, U.S.C.A.,[1] and as interpreted by the Supreme Court in the cases of United States v. Germaine, 99 U.S. 508, 25 L.Ed. 482, and United States v. Mouat, 124 U.S. 303, 8 S.Ct. 505, 31 L.Ed. 463.

The above decisions hold that, as defined by the Constitution, an officer must be an appointee of the President, a member of the Cabinet or head of a Governmental department, or an appointee of such head of a department, or a judicial appointee.

It is insisted that the said John G. Sims, Jr., described as Contract Officer of the Vocational Rehabilitation and Education Division of the Veterans' Administration, does not fall in either of the above categories.

Before the question was argued, the Court frankly states that it was not familiar with the decisions in question, and that if it had been drawing the indictment in the case, it would have drawn it exactly as it was drawn by the District Attorney. A reading of the statute, without having knowledge of the definition of the word "officer" placed thereon by the Supreme Court, would have led the average person to conclude that the said John G. Sims, Jr., as Contract Officer of the Vocational Rehabilitation and Education Division of the Veterans' Administration, was an officer of the United States. It may be that the District Attorney was familiar with the decision in question, but if so, it seems that the indictment was certainly inaptly drawn, although it is insisted that the words "such officer of the United States", contained in the indictment, refer to the words describing the said John G. Sims, Jr., as such Contract Officer of the Vocational Rehabilitation and Education Division of the Veterans' Administration, and thereby complies with that part of the statute which also makes it unlawful to attempt to bribe "* * * any person acting for or on behalf of the United States in any official function, under or by authority of any department or office of the Government thereof, * * *"

This is a rather fine distinction. And, while it can be said that the words "such officer of the United States" refer to the previous description of the said John G. Sims, Jr., yet, the necessary words which would describe the said John G. Sims, Jr.,

---

[1] In 1948 Revision, 18 U.S.C.A. § 201.

as a person acting for or on behalf of the United States in any official function, under or by authority of any department or office of the Government thereof, are not contained in the indictment, and, therefore, no offense would be charged.

█ It appears to the Court that the draftsman of the indictment construed the said John G. Sims, Jr., to be an officer of the United States, and the indictment was drafted accordingly.

And it appearing from the decisions of the Supreme Court that the said John G. Sims, Jr., is not an officer of the United States, the motion to dismiss will be granted.