248 F.2d 458
 Carole HARE, an infant, by Arthur Hare, her guardian ad litem, Plaintiff-Appellee,
v.
Allen N. HURWITZ and Harry Smith, Defendant-Appellant.
Arthur HARE, Plaintiff-Appellee,
v.
Allen N. HURWITZ and Harry Smith, Defendant-Appellant.
Allen N. HURWITZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 24602.
 United States Court of Appeals Second Circuit.
 Motion Argued April 8, 1957.
 Decided September 24, 1957.
 
 S. Sanford Engel, Syracuse, N. Y., for appellees Hare.
 Joseph A. Ryan and George S. Schlesinger, Syracuse, N. Y., for appellant Hurwitz.
 Before HAND, MEDINA and WATERMAN, Circuit Judges.
 WATERMAN, Circuit Judge.
 
 
 1
 The motion filed in these proceedings presents a novel question requiring interpretation of Rules 42(a) and 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.
 
 
 2
 Carole Hare, a minor, was a passenger in a vehicle owned and operated by one Allen N. Hurwitz. At a street intersection in Syracuse, N. Y., the Hurwitz vehicle collided with a vehicle owned by the U. S. Department of Commerce, then and there being driven on government business by one Harry Smith, a maintenance technician employed by the Civil Aeronautics Administration of that Department. Miss Hare suffered injuries requiring medical treatment. The Hurwitz vehicle was damaged, and Hurwitz also alleged personal injuries. Carole Hare's parent, Arthur Hare, sued for the expenses incurred by him for her medical treatment; and, as his daughter's guardian ad litem, he sued for her personal injuries. He commenced four suits in all. Two of them, declaring upon the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., were brought in the U. S. District Court for the Northern District of New York with the United States as a named defendant. Two of them were brought in the Supreme Court of the State of New York for the County of Onondaga against Smith and Hurwitz, the operators of the two vehicles, as joint defendants. Smith removed these latter suits, commenced in the State Court, to the U. S. District Court for the Northern District of New York, pursuant to 28 U.S.C.A. § 1442(a) (1). When so removed the two state court suits received but one federal court docket number; so that, after removal, there were three cases involving the same accident on the U. S. District Court docket in which the Hares were plaintiffs, viz., Carole Hare, an infant, by Arthur Hare, as her guardian ad litem v. United States, civil docket No. 5764; Arthur Hare (the parent) v. United States, civil docket No. 5765; and the two removed causes being joined into one action pursuant to Fed.Rules Civ.Proc. rule 20(a), 28 U.S.C.A., Carole Hare, an infant, by Arthur Hare, her guardian ad litem, and Arthur Hare, plaintiffs, v. Allen N. Hurwitz and Harry Smith, defendants, civil docket No. 5801. In No. 5801 the U. S. District Attorney filed separate answers in the U. S. Court to the complaints of Arthur Hare and Carole Hare on behalf of the defendant, Harry Smith, signing these answers as
 
 
 3
 "Theodore F. Bowes
 United States Attorney
 Attorney for the Defendant
 Harry Smith."
 
 
 4
 Thereafter, Hurwitz, pursuant to the provisions of the Tort Claims Act, brought suit in the same U. S. Court for the Northern District of New York against the United States as the named defendant, for alleged damages to the Hurwitz vehicle and for his alleged personal injuries. This suit became civil docket No. 6015. When these several actions were called up for trial, all counsel being present, the Court inquired: "Now, all these actions arise out of one accident, so that I take it that they're all being tried together?" This procedure was then agreed to, one of counsel replying: "That's correct, Your Honor." Addressing himself to the attorney for the Hares the Court then said: "* * * I assume you are entitled to as many judgments as you can get, but you are only entitled to one satisfaction." The attorney replied: "That is it exactly * * *" Thereupon all the actions were tried together[1] before Judge Brennan, sitting without a jury. Each cause retained its separate docket number. On December 18, 1956, separate findings of fact were filed by the judge in each docket number — one set of findings each in Nos. 5764, 5765, and 6015, and two sets of findings in No. 5801. Separate judgments were rendered in each docket number. The court awarded to Carole Hare $3,000 in No. 5764 against the United States, and $3,000 in No. 5801 against the individual defendants, Smith and Hurwitz. Arthur Hare was awarded $93.00 in No. 5765 against the United States and $93.00 in No. 5801 against the individual defendants, Smith and Hurwitz. In No. 6015, the action brought by Hurwitz, judgment was awarded to the defendant, the United States. All the judgments were entered by the Clerk on the several dockets on the same day, December 18, 1956. Fifty-nine days later, on February 15, 1957, Hurwitz filed two notices of appeal, one from the judgment against him in No. 5801, wherein he was an individual defendant, and the Hares, father and daughter, were the individual plaintiffs; and the other from the judgment against him in No. 6015 wherein he was the plaintiff and the United States was the named defendant. The Hares moved to dismiss the appeal sought to be taken from the judgment entered in No. 5801 on the ground that the appeal was not filed within 30 days.
 
 
 5
 Rule 73(a) of the Federal Rules of Civil Procedure provides that "The time within which an appeal [from a district court to a court of appeals] may be taken shall be 30 days from the entry of the judgment appealed from * * * except that in any action in which the United States or an officer or agency thereof is a party the time as to all parties shall be 60 days from such entry * * *".
 
 
 6
 Therefore, the motion to dismiss must be granted unless the Court below, pursuant to Rule 42(a) of the Rules of Civil Procedure, ordered No. 5801 "consolidated" with No. 6015 so that the United States, a party in No. 6015, became also a party in No. 5801; or unless the individual defendant Smith was an "officer" of the United States. We hold that the cases were not so consolidated; and that Smith was not an officer of the United States within the meaning of Rule 73(a). Hence we grant the motion and dismiss the appeal.
 
 
 7
 Rule 42(a) provides: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions"; or "it may order all the actions consolidated."
 
 
 8
 It is clear to us that in the present case the trial judge ordered a joint trial of the several actions before it and did not order a consolidation of the cases into one. Separate docket numbers were retained, separate findings of fact were filed, separate judgments were entered. Each action retained its separate identity. The trial judge intended that the cases should not be consolidated and the record shows that they were not consolidated in fact. Cf. Signal Mountain Portland Cement Co. v. Brown, 6 Cir., 1944, 141 F.2d 471.
 
 
 9
 Since the action against Smith and Hurwitz retained its separate identity we are now required to examine into the status of Smith to discover if he was an "officer of the United States" within the meaning of Rule 73(a). The phrase "officer of the United States" has often been interpreted by the court. Generally, it is understood as referring only to those government officials appointed by the President, by members of his Cabinet, or by the courts, i.e., only those officials appointed in the manner prescribed by Article 2, Section 2, Clause 2 of the Constitution. United States v. Germaine, 1878, 99 U.S. 508, 25 L.Ed. 482; United States v. Mouat, 1888, 124 U.S. 303, 8 S.Ct. 505, 31 L.Ed. 463; Burnap v. United States, 1920, 252 U.S. 512, 513, 40 S.Ct. 374, 64 L.Ed. 692; Hoeppel v. United States, 1936, 66 App.D.C. 71, 85 F.2d 237; McGrath v. United States, 2 Cir., 1921, 275 F. 294; United States v. Davis, D.C.M.D.Tenn.1948, 80 F.Supp. 875. The courts, however, have at times interpreted the phrase more broadly, recognizing that its definition depends upon the context in which it appears. See, e.g., United States v. Hendee, 1888, 124 U.S. 309, 8 S.Ct. 507, 31 L.Ed. 465; Steele v. United States No. 2, 1925, 267 U.S. 505, 45 S.Ct. 417, 69 L.Ed. 761.
 
 
 10
 We have been unable to discover any reported cases in which the phrase "officer of the United States" has been construed in the context of Rule 73. Precedents construing the phrase in other contexts are of only limited value here. The cases cited above are helpful, however, in that they establish that the appropriate means of determining the meaning of the phrase is to examine the purpose which it serves in the particular statute where it occurs, thereby to determine whether that purpose will be furthered by extension of the phrase beyond its limited constitutional meaning. The purpose underlying the provision in Rule 73 that there shall be a 60 day time limit in which to file an appeal in any case in which the United States or an agency or officer thereof is a party, is set forth in the Notes of the Advisory Committee on Amendments to Rules:
 
 
 11
 "In cases where the United States or an officer or agency thereof is a party, allowance of sixty days to the government, its officers and agents is well justified. For example, in a tax case the Bureau of Internal Revenue must first consider and decide whether it thinks an appeal should be taken. This recommendation goes to the Assistant Attorney General in charge of the Tax Division in the Department of Justice, who must examine the case and make a recommendation. The file then goes to the Solicitor General, who must take the time to go through the papers and reach a conclusion. If these departments are rushed, the result will be that an appeal is taken merely to preserve the right, or without adequate consideration, and once taken it is likely to go forward, as it is easier to refrain from an appeal than to dismiss it. Since it would be unjust to allow the United States, its officers or agencies extra time and yet deny it to other parties in the case, the rule gives all parties in the case 60 days."
 
 
 12
 Since, if Smith had taken an appeal, he would have been unaffected by these considerations, we hold that he was not an "officer of the United States" within the meaning of Rule 73. The action was brought against him in his individual capacity and the judgment against him was entered against him as an individual. Although the United States Attorney appeared in his behalf, Smith could have chosen private counsel. Moreover, if Smith had decided to appeal from the judgment against him he would not have needed the approval of any government department. Therefore, the reasons for which the usual 30 day time limit for filing an appeal was extended to 60 days in cases in which the "United States or an officer or agency thereof" is a party are not applicable to Smith; and, the appellant not having filed his appeal until 59 days from the district court judgment, the motion to dismiss his appeal must be granted. Cf. Principale v. Associated Gas & Electric Co., 2 Cir., 1951, 192 F.2d 1016, certiorari denied 343 U.S. 942, 72 S.Ct. 1034, 96 L.Ed. 1347.
 
 
 13
 Motion granted and appeal dismissed.
 
 
 
 Notes:
 
 
 [1]
 Separate docket entries were kept throughout in each case. For instance in each of the four dockets the following entry appears under date of October 29, 1956: "Trial moved by Plaintiff's attorneys it being stipulated that actions be tried together before the Court Civ. 5764 5765 5801 6015."