Patrick **MICHAELS**, Appellant,

v.

**Howard W. CHAPPELL** et al., Appellees.

No. 16657.

United States Court of Appeals
Ninth Circuit.

June 15, 1960.

A. L. Wirin, Fred Okrand, Marvin Leon, Beverly Hills, Cal., for appellant.

Louis Lee Abbott, Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

## PER CURIAM

This action, for abuse of process and "violation of constitutional rights" was commenced in the Superior Court for the County of Los Angeles. Upon motion of the defendant the action was removed to the federal district court under 28 U.S.C. § 1442(a)(1). A motion to dismiss the action for failure to state a claim upon which relief could be granted was sustained, and judgment was entered on the order of dismissal. Jurisdiction is asserted in this Court under 28 U.S.C. § 1291.

The appellant herein is Patrick Michaels, a news broadcaster, and appellees are Chappell, Goodman and Read, Federal narcotics investigators. Chappell is the agent in charge of the Los Angeles Office of the Federal Bureau of Narcotics.

According to the allegations of the complaint, which we must take as true, in 1958 one Mickey Cohen was being tried for an alleged assault on Chappell. He was acquitted, and there was testimony to the effect that Chappell struck the first blow. A witness testified that he was approached by Chappell with a request that he help "make a case" against Cohen. The United Press picked up the story, changing the words "make a case" to the word "frame." Michaels used the story on the air, attacking Chappell violently and suggesting that Chappell should be indicted for assault.

The following day agents Goodman and Read approached Michaels. They demanded a copy of the script of the broadcast attacking Chappell, and served on him a subpoena to appear before the Federal Grand Jury three days later. Michaels handed over the script, whereupon he was told that he need not obey the subpoena nor appear before the grand jury with a copy of the script. Appellant had been told that he would be saved a lot of trouble if he handed over the script, and that he need not appear if he would do so. Appellees Goodman and Read refused, however, to endorse the copy of the subpoena to show that appellant need not appear. Goodman and Read read the script, and told Michaels that he would be saved a lot of headaches if he would retract the portion about "framing" Cohen.

Appellant was advised by his attorney that he should obey the subpoena in spite of the promises of appellees. Two days later Chappell and Michaels had a conference, at which Chappell stated that he had ordered the subpoena served on Michaels for the purpose of insuring the production of the script. He advised Michaels that he need not appear at the Grand Jury hearing the next day, but refused to sign a waiver of appearance.

The following day Michaels appeared at the Grand Jury hearing, but was informed by the United States Attorney that he was not wanted as a witness, and that the United States Attorney's Office knew nothing of the subpoena.

A week after the initial broadcast Michaels made a grudging retraction of the material which was objected to over the air. The scripts of the two broadcasts, as well as the subpoena, appear as exhibits to the complaint at page fifteen of the transcript.

The complaint is replete with allegations that the Federal agents were acting completely without authority throughout, and were motivated by purely personal considerations. The complaint alleges damages in the amount of $10,500, and prays punitive damages in the amount of

$1,000. The damages alleged would seem to stem from:

1. "Illegal search and seizure" of the script.

2. The appearance to no purpose of Michaels at the Grand Jury hearing.

3. "Deprivation of freedom of speech" in causing the retraction to be made.

The judgment of dismissal was entered on July 23, 1959. Notice of this judgment was mailed to appellant on July 27, 1959. The notice of appeal was filed September 15, 1959. This was more than thirty but less than sixty days following the entry of judgment.

Rule 73 of the Federal Rules of Civil Procedure, 28 U.S.C. provides that an appeal must be taken within thirty days of the entry of judgment, except in an action to which the "United States or an officer or agency thereof is a party * * *" in which case the time is extended to sixty days.

Appellant appears before us faced with a dilemma. In order to avoid the defense of absolute immunity, which was the basis on which the complaint was dismissed below, appellant alleged all defendants "acted in excess of their authority"; that the subpoena was "not procured on behalf of the United States," but was "obtained and served by defendants for personal and ulterior purposes"; that defendants "had no authority to obtain and/or serve said subpoena"; it was not "obtained or served by defendants for any purpose or proceeding then pending or sought to be pending before the Federal Grand Jury."

After the complaint was dismissed, appellant had his statutory time within which to appeal. This he neglected to do. Now, to justify this appeal being filed after the thirty day limit prescribed for private citizens of the United States, appellant urges that the defendants were acting as "officers of the United States, or an agency thereof," and therefore he is entitled to the benefit of the sixty day statute. Acting "in excess of authority," urges appellant, is different than acting "outside of authority."

We find no authority, either in reason or adjudicated cases, to justify such a hot and cold change of position, as appellant urges. What little authority as there appears to be is to the contrary.

Appellees cite one case, Hare v. Hurwitz, 2 Cir., 1957, 248 F.2d 458 (before Hand, Medina and Waterman), which indicates clearly that appellees should not be considered *officers of the United States* for purposes of Fed.R.Civ.P. 73. In that case a government driver was being sued in his individual capacity, and judgment in a single action was obtained against him and a third party. The third party attempted to appeal after the expiration of thirty days on the ground that the other defendant was an officer of the government. The court held that the driver was not such officer for the purposes of Rule 73, and dismissed the appeal. The court reasoned that the reason for the additional time allowed the government, to allow time for several echelons of authority to consider the proposed appeal, did not exist in a case where the employee was sued in his individual capacity, and thus the extended time was not intended to be applied in suits of this nature.[1]

Were we to reach the merits, we would ascertain the complaint was dismissed on the sole ground that the defendants were immune to suit on the claim asserted. The court relied only on Barr v. Matteo, 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed. 2d 1434 and Howard v. Lyons, 1959, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454. These two comprehensive cases would seem to have preempted the field.

We do not determine there was absolute immunity. We hold we have no jurisdiction on this appeal, which was not timely taken.

Appeal dismissed.

---

1. Hare v. Hurwitz, 2 Cir., 1957, 248 F.2d 458, has never been cited, indicating that it may stand alone as authority in this area.