**In the Matter Pertaining to W. H. "Pat" O'BRYAN.**

**No. 9563.**

United States Court of Appeals
Tenth Circuit.

Sept. 18, 1968.

Reagan M. Martin, Dallas, Tex. (Harvey L. Davis, Dallas, Tex., on the brief), for appellant.

Jeff R. Laird, General Counsel, Oklahoma Bar Ass'n, Oklahoma City, Okl., amicus curiae.

Before PICKETT, HILL and SETH, Circuit Judges.

PER CURIAM.

This matter arose out of a November 19, 1958 order of the Honorable Stephen

---

1. See Bereslavsky v. Esso Standard Oil Co., 175 F.2d 148 (4th Cir. 1949).

S. Chandler, Chief Judge of the United States District Court for the Western District of Oklahoma, striking the name of W. H. "Pat" O'Bryan from the roster of attorneys authorized to practice before that court. The order followed a hearing on O'Bryan's claim for attorney fees filed in a bankruptcy proceeding, which O'Bryan supported with a letter-contract purportedly signed by the bankrupt and found by the court to be false and fraudulent. Thereafter, upon the same charge, the Supreme Court of Oklahoma disbarred O'Bryan from the practice of law in Oklahoma courts. State ex rel. Oklahoma Bar Ass'n v. O'Bryan, 385 P.2d 876, cert. denied 376 U.S. 649, 84 S.Ct. 983, 11 L.Ed.2d 980. The facts are fully set forth in the opinion of the Oklahoma court.

On September 2, 1963, following denial by this court of relief in a mandamus action, O'Bryan filed a motion to vacate the disbarment order and expunge it from the court records. No action was taken on the motion for more than two years, whereupon O'Bryan again sought mandamus relief in this court. Affirmative relief was denied, but Judge Chandler was disqualified from acting further in the matter, and all pending proceedings and other actions arising thereafter were directed to be assigned to another Judge. It fell to the lot of Judge Edwin Langley, Chief Judge of the Eastern District Court of Oklahoma, to put an end to the long drawn-out proceedings. The Judge made a careful study of the court records of all the cases involved in the disbarment matter and directed O'Bryan to file a statement in response to certain factual matters disclosed in the records of the various cases, all of which were fully set forth in the order. O'Bryan filed a response and thereafter, without further hearing, Judge Langley entered a final order overruling the motion to vacate the disbarment order. A motion to set aside this order and grant a formal hearing was overruled by order of April 12, 1967. A notice of appeal was not filed until June 8, 1967, the 57th day after the entry of the final order.

The record on appeal came to this court, and the only appearance was by O'Bryan. On December 29, 1967 we vacated Judge Langley's order because we thought it was inherent in our order of October 11, 1966 that O'Bryan was entitled to a formal hearing under the rule of Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342. Thereafter Judge Chandler filed a document designated "Motion to Clarify." This motion was treated as a petition for rehearing and was set for oral argument. We granted the Oklahoma State Bar Association permission to appear amicus curiae for the purpose of filing a brief and presenting oral argument.

■ At the outset we are confronted with a jurisdictional question because the notice of appeal was not filed within 30 days after the entry of the order from which appeal was taken. It is the general rule, including that of this circuit, that a court of appeals acquires jurisdiction of a case appealed from a district court decision only upon the filing of a timely notice of appeal. Barron & Holtzoff, Ruled Ed. § 1553; Cohen v. Plateau Natural Gas Co., 10 Cir., 303 F.2d 273, cert. denied 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64; Wagoner v. Fairview Consolidated School Dist. No. 5, 10 Cir., 289 F.2d 480, cert. denied 368 U.S. 921, 82 S.Ct. 241, 7 L.Ed.2d 135; Martin v. United States, 10 Cir., 263 F.2d 516, cert. denied 365 U.S. 853, 81 S.Ct. 818, 5 L. Ed.2d 816; Stone v. Wyoming Supreme Court, 10 Cir., 236 F.2d 275.

Rule 73(a), F.R.Civ.P., now Rule 4, F.R.Appellate P., provides that an appeal may be taken within 30 days after the entry of the judgment appealed from "except that in any action in which the United States or any officer or agent thereof is a party" the time shall be 60 days from such entry. It is urged that the United States is actually a party to these proceedings because they arose out of the action of a United States District Judge—but we think not. The signing of the order by Judge Langley overruling O'Bryan's motion to vacate was no different than the signing of a similar

order in any other civil proceeding. It is true that Judge Chandler was a respondent in various mandamus actions, but these were actions independent of the disbarment proceeding and for the purpose of requiring the District Judge to act on a pending matter.

■■ The exception to the basic 30-day limit for taking an appeal is clear and explicit. It applies only to those cases in which the United States or an officer or agent thereof is a party. The United States is allowed additional time to appeal because, in many instances, of the necessary delay by various governmental departments to determine whether an appeal should be taken.[1] The test as to the application of the 60 day period is not whether the United States might be concerned or interested in the final judgment, but whether it is a party to the action in which the judgment is entered. United States v. American Soc. of Composers, Authors and Publishers, 2 Cir., 331 F.2d 117, cert. denied 377 U.S. 997, 84 S.Ct. 1917, 12 L.Ed.2d 1048. Cf. Michaels v. Chappell, 9 Cir., 279 F.2d 600, cert. denied 366 U.S. 940, 81 S.Ct. 1663, 6 L.Ed.2d 851; Hare v. Hurwitz, 2 Cir., 248 F.2d 458. The United States or any of its officers or agents did not appear in the disbarment proceedings, and so far as the record shows it had no right of appeal from the final decision. We are of the opinion that the signing of a final order by a Federal Judge overruling a motion to vacate an existing order of disbarment does not constitute

that Judge a party to the action within the meaning of Rule 73(a), and an appeal from such order must be taken within 30 days from the entry thereof.

The December 29, 1967 per curiam order of this court is withdrawn and the appeal is dismissed for lack of jurisdiction.

---

1. The notes of the Advisory Committee on Criminal Rules referring to the 60 day provision of Rule 73(a) state:

"In cases where the United States or an officer or agency thereof is a party, allowance of sixty days to the government, its officers and agents is well justified. For example, in a tax case the Bureau of Internal Revenue must first consider and decide whether it thinks an appeal should be taken. This recommendation goes to the Assistant Attorney General in charge of the Tax Division in the Department of Justice, who must examine the case and make a recommendation. The file then goes to the Solicitor General, who must take the time to go through the papers and reach a conclusion. If these departments are rushed, the result will be that an appeal is taken merely to preserve the right, or without adequate consideration, and once taken it is likely to go forward, as it is easier to refrain from an appeal than to dismiss it. Since it would be unjust to allow the United States, its officers or agencies extra time and yet deny it to the other parties in the case, the rule gives all parties in the case 60 days." 28 U.S.C.A. Rule 73(a) P. 434.