**John SINCLAIR; Lawrence Plamondon; and John Forrest Waterhouse, Plaintiffs–Appellees,**

**v.**

**Kenneth SCHRIBER; James Sullivan, and Charles Wagner, Defendants–Appellants.**

No. 84–1669.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1987.

Decided Nov. 24, 1987.

Rehearing and Rehearing En Banc Denied Feb. 16, 1988.

Geneva Halliday, U.S. Atty., Detroit, Mich., Larry L. Gregg, Dept. of Justice, Washington, D.C., John C. Hoyle, argued, Barbara Herwig (Lead Counsel), Dept. of

Justice, Washington, D.C., for defendants-appellants.

Hugh M. Davis, Jr., Detroit, Mich., for plaintiffs-appellees.

Before ENGEL, JONES and NELSON, Circuit Judges.

ENGEL, Circuit Judge.

Defendants appeal from an order by Judge Charles W. Joiner, United States District Court for the Eastern District of Michigan, denying defendants' motion for summary judgment on the basis of good-faith immunity. We dismiss for lack of appellate jurisdiction.

■ This case is a continuation of the litigation that produced *United States v. United States District Court*, 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972) (*Keith*), which held that the Fourth Amendment does not allow warrantless wiretaps in cases involving domestic threats to national security, and *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), which held that Attorney General John Mitchell had immunity for wiretaps that he authorized in violation of but before *Keith*. The defendants in the present case are FBI agents who performed the wiretaps that Mitchell authorized. Plaintiffs allege that these agents exceeded the authority that Mitchell gave them and violated plaintiffs' Sixth Amendment right to counsel by overhearing plaintiffs' conversations with their attorneys.

■ The denial of summary judgment was under Rule 56(f) of the Federal Rules of Civil Procedure.[1] Judge Joiner decided that there were issues of fact that could "only be fully elucidated by further discovery" and that plaintiffs had "made an adequate showing of need for further discovery." Thus, Judge Joiner allowed discovery to continue for ninety days. He also stated that the denial of summary judgment was without prejudice: "Defend-

ants should renotice their motion for summary judgment shortly after the conclusion of discovery, if they continue to believe that they are entitled to such relief in light of the information disclosed."

■ Upon consideration, we conclude that Judge Joiner's order is not appealable under *Kennedy v. City of Cleveland*, 797 F.2d 297 (6th Cir.1986). In *Kennedy*, we held that under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), there can be two appeals based upon claims of immunity and which can be taken prior to final judgment: first, after denial of a motion to dismiss on the pleadings and, second, after denial of a motion for summary judgment following discovery. Appeal in the first situation protects immune officials from the burdens of discovery if the well pleaded facts at that stage show that they would be immune. The second potentially allowable appeal protects immune officials from trial if, after discovery, it is determined that there is then no material dispute of fact concerning their immunity. *Kennedy*, however, did not decide whether an order denying summary judgment such as that here—without prejudice and allowing further discovery—has the finality necessary to be appealable under *Cohen*. Quite clearly, we believe, it does not.

Under *Cohen*, the order or decision appealed from must "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225. It therefore appears that whether such a decision is to be reviewable is to be determined realistically from the circumstances in each case. Referring to

---

1. Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had.... Fed.R.Civ.P. 56(f).

the finality language of 28 U.S.C. § 1291, Justice Jackson observed:

> The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.

*Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225.

Applying the foregoing language to the order and decision here, it is apparent that such orders were not intended either by Judge Joiner or by the language of *Cohen* to be appealable. Obviously Judge Joiner expressly allowed for further discovery, and after that a further opportunity to renew the motion for summary judgment.[2]

While as we pointed out in *Kennedy, Mitchell v. Forsyth* has permitted two bites out of the appellate apple, at the pleading and at the discovery stage, it did not contemplate that the underlying finality requirement of *Cohen* and of section

1291 would be ignored, or that plaintiffs might be subjected to an endless number of successive appeals before trial. Undoubtedly, future appeals will raise problems similar to those here, and while we see no occasion to borrow more trouble than we already have, we can only observe that the best guidelines are those contained in *Cohen* itself and particularly its admonition that we give to section 1291 a "practical rather than a technical construction." *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1226.

The appeal is DISMISSED, and the case is REMANDED.[3]

DAVID A. NELSON, Circuit Judge, dissenting.

The issue that the parties briefed and argued in this case is not the issue that the court has decided. The question addressed by the parties was whether the district court erred in refusing to enter judgment for the defendant FBI agents, before discovery, on the basis of qualified-immunity claims asserted by the defendant agents in

---

**2.** Judge Nelson's dissent implies that our result here is motivated by some unhappiness with *Mitchell v. Forsyth* and, in our view, misapprehends the thrust of the holding, which is intended to give effective meaning to *Mitchell v. Forsyth* while preserving to the trial judge the very necessary responsibility for effectively managing his docket. If we understand the dissent properly, it is to the effect that whatever might be the finality of the order denying summary judgment, it is still appealable as in effect an order denying a motion to dismiss upon the pleadings. In effect, it asks us to entertain an untimely appeal which was never taken through the vehicle of an order which clearly lacks finality under *Cohen* in order that we can address, favorably to the defendants, issues of pleadings which have not been raised in the appeal. The dissent may or may not be correct in its conclusion that an appellate court might have been able to uphold the district court's grant of a motion to dismiss under Rule 12(b)(6) assuming, under *Kennedy,* that such an appeal would still be timely. What we have endeavored to accomplish here is not a defeat of the Supreme Court's intentions in *Mitchell* at all, but instead an orderly and consistent procedure for carrying out that intent in an administratively fair way by addressing issues raised by the application of *Mitchell,* but not directly answered by it.

**3.** An issue we leave open is whether the appeal was timely filed. The notice of appeal was filed more than 30 days but within 60 days after Judge Joiner's order was filed. The United

States was not at this time a party to the litigation, but the question is whether the defendants were "officers or an agency of the United States" within the meaning of Fed.R.App.P. 4(a)(1), allowing 60 days for the filing of an appeal involving the United States. As we understand it, at this juncture only damages are sought against the defendants personally, but they are for actions allegedly taken by defendants while officers or agents of the United States, and we note also that their defense has been undertaken below and in these proceedings by the Civil Division of the Department of Justice. Our circuit has not yet directly addressed this question. The Second Circuit denied the defendant the benefit of the 60–day rule in a suit against him seeking damages arising out of his negligence in operating a federal government car on business, notwithstanding that the United States Attorney had appeared on his behalf. *Hare v. Hurwitz,* 248 F.2d 458 (1957). The Ninth Circuit adopted *Hare* without analysis in *Michaels v. Chappell,* 279 F.2d 600 (1960), *cert. denied,* 366 U.S. 940, 81 S.Ct. 1663, 6 L.Ed.2d 851 (1961), but later reversed itself in *Wallace v. Chappell,* 637 F.2d 1345 (1981) (en banc). The *Wallace* case was later adopted by the Fifth Circuit without discussion in *Williams v. Collins,* 728 F.2d 721 (1984). In view of our finding that the order appealed from was not final in all events, we need not determine whether the appeal is doubly dead for want of timeliness as well.

their motion for summary judgment. The issue that this court has decided is one that the parties themselves considered a non-issue: whether the order denying summary judgment is appealable under *Kennedy v. City of Cleveland*, 797 F.2d 297 (6th Cir. 1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987), and the Supreme Court decisions that gave rise to *Kennedy*, including *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); and *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 2d 1528 (1949).[1]

The fact that both sides think we have jurisdiction to hear this appeal does not preclude us from holding that both sides are wrong, of course, but I would be reluctant to dismiss the appeal on jurisdictional grounds without the benefit of full briefing on that question. Based on what I know of the case now, I believe that the parties are correct in thinking that we have jurisdiction to consider the appeal on its merits; accordingly, I am constrained to dissent.

To be appealable under the collateral order doctrine of *Cohen*, as the majority opinion observes, the order appealed from must "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1226. The "claims of right" asserted here do come within that class, in my opinion, because an essential aspect of the appellant FBI agents' qualified-immunity claims is that the agents are entitled to judgment *before* discovery. To deny consideration of their motion for judgment until *after* discovery is to deny a key part of their claims irrevocably and for all time. A right to avoid the burden of discovery obviously cannot be vindicated after discovery has been completed.

That avoidance of the burden of discovery is an important part of the FBI agents' qualified-immunity claims seems clear to me in light of the Supreme Court's recent decision in *Anderson v. Creighton*, 483 U.S. ——, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). *Anderson* tells us that the "driving force" behind the "substantial reformulation of qualified-immunity principles" effected by *Harlow* (a reformulation that made the factual question of "good faith" irrelevant) was "that 'insubstantial claims' against government officials be resolved *prior to discovery and on summary judgment if possible.*" *Anderson*, 483 U.S. at ——, 107 S.Ct. at 3039 n. 2, 97 L.Ed.2d at 530 n. 2, citing *Harlow*, 457 U.S. at 818–19, 102 S.Ct. at 2738. (emphasis supplied).

Appellate courts would be left spinning their wheels ineffectually, for all the power of the "driving force" behind *Harlow*, if denials of qualified-immunity claims asserted by way of motions for summary judgment prior to discovery could escape appellate review until after completion of discovery. "Unless the plaintiff's allegations state a claim of violation of clearly established law," as the Supreme Court has told us very plainly, *"a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."* *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2816. (emphasis supplied). If that entitlement existed here, it has been frustrated without any meaningful appellate review.

"A major characteristic of the denial or granting of a claim appealable under Cohen's 'collateral order' doctrine is that 'unless it can be reviewed before [the proceedings terminate], it never can be reviewed at all.'" *Mitchell*, 472 U.S. at 525, 105 S.Ct. at 2815, quoting Mr. Justice Jackson's opinion in *Stack v. Boyle*, 342 U.S. 1, 12, 72

---

1. In a one-sentence footnote, the "Statement of the Case" section of the appellants' opening brief (page two, note one) says "The district court's ruling is appealable under the Supreme Court's holding in *Mitchell v. Forsyth*, 105 S.Ct. 2806...." The appellees do not disagree: "Plaintiff-appellees do not dispute the statements [sic] of the case contained at pages 2–10 of the defendants-appellants brief herein." Brief for appellees, page two.

S.Ct. 1, 7, 96 L.Ed. 3 (1951). Where a right cannot be effectively vindicated after a trial has occurred, appeal is allowed before the trial has occurred. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). And where a right cannot be effectively vindicated after discovery has occurred, I should have supposed—as both sides in this lawsuit supposed—that appeal is allowed before discovery has occurred. See *Forsyth v. Kleindienst,* 729 F.2d 267 (3rd Cir.1984), where Judge Weis—in a dissent subsequently vindicated by *Mitchell,* 472 U.S. at 518, n. 4, 105 S.Ct. at 2812 n. 5—had this to say:

> "It follows inexorably that withholding appellate correction of erroneous pre-trial denials of qualified immunity frustrates Harlow's purpose in revising the test. If timely appellate review is not available to redress incorrect preliminary rulings, the right to be relieved of the burdens of trial will, just as in *Abney,* be irretrievably lost." 729 F.2d at 275 (Weis, J., dissenting).

In denying the defendants' motion for summary judgment in the case at bar, the district court cited case law to the effect that summary judgment ought not be granted a defendant "when it is apparent that plaintiff, through no failure to exercise due diligence, has been unable to complete reasonable discovery efforts...." The validity of the general proposition is beyond question, but its applicability to the facts of this case is not. "[A] defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery," it will be recalled, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law...." *Mitchell,* 472 U.S. at 526, 105 S.Ct. at 2816. The district court made no determination that the plaintiffs' allegations in this case "state a claim of violation of clearly established law," and in the absence of such a determination, it does not seem to me that discovery would be "reasonable" in the face of a motion seeking dismissal before discovery and in the absence of affidavits establishing that discovery is necessary.

The defendants' claim of qualified immunity "is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated." *Mitchell,* 472 U.S. at 527–28, 105 S.Ct. at 2816. I can understand how discovery proceedings might illuminate the merits of the plaintiffs' claim that their rights have been violated, but I do not see why discovery is necessary for a decision on the issue raised by the summary judgment motion—*i.e.,* whether the defendant agents are entitled to prevail on their qualified-immunity defense because the rights allegedly violated were not "clearly established" at the time of the violation. That is an issue of law that the courts ought to be able to decide forthwith; and as this court recognized at the outset of its opinion in *Kennedy,* 797 F.2d at 298, *Mitchell* "held that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an immediately appealable 'final decision'...."

The district court's opinion offers no explanation of how the plaintiffs' ability to justify their opposition to the motion for summary judgment would be enhanced by discovery. Nowhere in the district court's opinion does the court address the argument, advanced in the brief in support of the FBI agents' motion for summary judgment, that under *Harlow* "allegations of a defendant official's malicious or ulterior motivation are of no moment in determining the availability of qualified immunity.... The Court added that 'until this *threshold* immunity question is resolved, *discovery should not be allowed.*' [457 U.S.] at 818, 102 S.Ct. at 2738 (emphasis supplied)." Brief in Support of Motion for Summary Judgment, p. 22.

Courts ought not be required to speculate on why discovery is necessary; the rule on which the district court relied in refusing to grant summary judgment authorizes such refusal only "[s]hould it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition [to the motion for summary judgment]...." Rule 56(f), Fed. R.Civ.P. The plaintiffs in this case filed no

affidavits at all, and if Rule 56(c) means what it says, it was mandatory, given a showing of a meritorious qualified-immunity defense, that judgment be rendered "forthwith."

It is true, as the district court observed, that prior to the transfer of this case from the District of Columbia to Michigan, the United States Court of Appeals for the District of Columbia Circuit said that "plaintiffs should be allowed appropriate further discovery as long as they proceed with due diligence." *Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C.Cir.1981). In a subsequent decision reported at 711 F.2d 291 (D.C.Cir.1983), similarly, the same court suggested that one of the reasons supporting a transfer of the case to Michigan under 28 U.S.C. § 1406(a) was that it might be "easier [for the plaintiffs] to find evidence and witnesses in that area." 711 F.2d at 294. When those statements were made, however, as the Court of Appeals explicitly noted, the defendants had not yet moved for summary judgment on the basis of qualified immunity—"and therefore that issue is not before this court." 711 F.2d at 293 n. 2. Once the issue is presented for decision, as our court has held, "[t]he trial judge is to [decide it under a purely objective test] as a matter of law *before discovery occurs.*" *Windsor v. The Tennessean*, 719 F.2d 155, 165 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984) (emphasis supplied). *Cf. Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815; *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738.

Under *Mitchell*, as I read that decision and this record, the defendants are entitled to a determination by this court on the merits of their appeal. In *Mitchell* the Supreme Court held that the denial of a defendant's motion for summary judgment on the ground of qualified immunity "easily" meets the requirement for appealability addressed in *Cohen*. *Mitchell* recognizes, as does *Harlow*, that pretrial discovery "can be peculiarly disruptive of effective government." *Harlow*, 457 U.S. at 817, 102 S.Ct. at 2738; *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815. The case at bar—which is beginning to rival *Jarndyce v. Jarndyce* in age and complexity—has been pending since 1973. The claim against the three remaining defendants has been pending since 1981. Discovery will further postpone the long-delayed sounding of the death knell of this litigation and will further add to the expense of the burial—a result that flies in the teeth of *Harlow* and *Mitchell* and the policy considerations (eloquently explained by Judge Learned Hand in *Gregoire v. Biddle*, 177 F.2d 579 (2d Cir.1949) *cert. denied*, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950)), on which those Supreme Court decisions are based.[2]

I sense that, as a matter of first impression, this court might not have decided the jurisdictional issue presented in *Mitchell* as the Supreme Court chose to decide it. All of us, of course, find that we can more readily appreciate the merit of some Supreme Court decisions than of others—and the ease with which one can distinguish a

**2.** If I properly understand footnote two of the majority opinion, the footnote suggests that I would have this court entertain an untimely appeal in order to address issues of pleadings—presumably whether the plaintiffs' amended complaint states a legally sufficient claim—not raised in the appeal. But footnote three of the majority opinion explicitly declines to decide whether the appeal from the district court's order denying summary judgment was "untimely," and a claim of qualified immunity can just as well be asserted "prior to discovery and on [motion for] summary judgment" as by motion to dismiss under Rule 12(b)(6). *Anderson*, 483 U.S. at —— n. 2, 107 S.Ct. at 3039 n. 2, 97 L.Ed.2d at 531, n. 2. The appellant agents properly asserted qualified-immunity claims in moving for summary judgment under Rule 56, and I do not understand why the denial of summary

judgment should not be appealable if, as footnote two seems to suggest, the defendants might have been able to appeal if their qualified-immunity claims had been asserted in a motion to dismiss under Rule 12(b)(6). The point of the district court's order—a point that has nothing to do with the distinction between Rule 12(b)(6) and Rule 56—was that discovery could go forward prior to judgment. The point of the defendants' motion was that the defendants were entitled to judgment prior to discovery. If the defendants were right and the district court wrong, it seems to me that we ought to say so now, rather than waiting until the horse is out of the barn for good—and we ought to do so regardless of the particular Rule under which the defendants elected to bring their qualified-immunity claims on for decision by the district court.

case seems to increase in direct proportion to the difficulty one has in recognizing its merit. Still, by definition, all controlling Supreme Court precedent is binding on all lower courts, including ours. It seems to me that *Mitchell v. Forsyth* is controlling here, and I would therefore allow the appeal unless we are prepared to decide, contrary to recent precedent in the Ninth and Fifth Circuits, that the defendants filed their notice of appeal too late. (See footnote three of the majority opinion.)