872 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobbie Clinton BAKER, Plaintiff-Appellee Cross-Appellant,
v.
Richard P. SEITER, John F. Kinkela, James K. Jackson, Ronald
Nelson, Deborah Timmerman, Charles R. Mason,
Frederick Mcanich, Defendants-Appellants
Cross-Appellees.
 Nos. 88-3634, 88-3653.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Baker moves for counsel on appeal and cross-appeal from the district court's denial of summary judgment in this prisoner's civil rights case. 42 U.S.C. Sec. 1983. These appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At the time of the events described in the complaint, the plaintiff was a prisoner at the Pickaway Correctional Institution in Orient, Ohio. The defendants are various corrections officials. In his complaint, the plaintiff alleged that the defendants provided an inadequate law library at the prison and that the defendants did not allow adequate research time in the law library.
 
 
 3
 The defendants moved for summary judgment based on the defense of qualified immunity. The district court denied the motion, holding that the contents of the library were adequate but that the defendants had not presented any evidence showing their entitlement to qualified immunity on the issue of access to the library.
 
 
 4
 The plaintiff argues that the defendants took their appeal from a nonappealable order. In the qualified immunity context, an order denying summary judgment without prejudice to refiling after further discovery is not final. Sinclair v. Schriber, 834 F.2d 103, 104-05 (6th Cir.1987). Here the district court did not state that the denial was without prejudice to refiling after further discovery. Therefore, the district court's order was final and appealable.
 
 
 5
 The defendants argue that the district court should have granted them qualified immunity because the contours of the general right of access to the courts were not sufficiently clear that a reasonable official would understand that what he was doing violated that right. Anderson v. Creighton, 107 S.Ct. 3034, 3039 (1987). The district court held that Bounds v. Smith, 430 U.S. 817 (1977), established those contours, and we agree. The Supreme Court approved lists of law books that conform to well-recognized standards. 430 U.S. at 819 n. 4. The Court also approved a plan to transport prisoners to a law library for a full day's work, although inmates not facing a court deadline might have to wait three or four weeks for their turn at the library. 430 U.S. at 819.
 
 
 6
 When the district court addresses a motion for summary judgment, the moving party bears the burden of showing the non-existence of a disputed issue of fact. Fed.R.Civ.P. 56(c); Reid v. Sears, Roebuck & Co., 790 F.2d 453, 458 (6th Cir.1986). Here the defendants did provide evidence concerning the contents of the library. However, they did not provide any evidence concerning the plaintiff's actual access to the library. Therefore, they did not meet their burden on the access issue. The district court properly denied the motion for summary judgment.
 
 
 7
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.