875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James McCARTHY, Individually and as Personal Representative
of the Estate of Mark A. Cox, Deceased, Plaintiff-Appellee,
v.
Dale FOLTZ, Individually and in his official capacity as
Warden of the Southern Michigan Prison at Jackson; John
Jabe, Individually and in his official capacity as Warden of
the Southern Michigan Prison at Jackson; DOE, Corrections
Officers; DOE, Supervisors; DOE, Medical Personnel; John
Doe, Defendants-Appellants.
 No. 88-1444.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1989.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, District Judge*.
 
 ORDER
 
 2
 On August 22, 1988, this Court entered an order denying a motion to dismiss this appeal for lack of appellate jurisdiction. The plaintiff-appellant has filed a motion for reconsideration of that order.
 
 
 3
 Upon review of the record, it is ORDERED that the motion for reconsideration is granted.
 
 
 4
 This is a civil rights/wrongful death action filed by the personal representative of the estate of a deceased state prisoner. The defendants (state prison officials) responded to the complaint by filing a motion for summary judgment. Following a hearing, the district court granted that motion in part and denied it in part without prejudice. Since that time, the action has proceeded through various stages of discovery. It is still pending on the district court's docket as an active case.
 
 
 5
 In the absence of certification for an interlocutory appeal under Rule 54(b), Fed.R.Civ.P., or 28 U.S.C. Sec. 1292(b), an order disposing of fewer than all parties or claims in an action is not a final appealable order for purposes of 28 U.S.C. Sec. 1291. See William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978); Donovan v. Hayden, Stone, Inc., 434 F.2d 619 (6th Cir.1970). The district court's order, which left certain claims for future resolution, falls into this category. Although the district court denied, without prejudice, that part of the motion for summary judgment advancing a defense of qualified immunity, we conclude the order does not fall into the type of order immediately appealable under the logic of Mitchell v. Forsythe, 472 U.S. 511 (1985). In this case, the denial of the motion for summary judgment occurred before completion of discovery and was without prejudice. Under these circumstances, we have held an immediate appeal not to be available to defendants advancing a qualified immunity defense. Sinclair v. Schriber, 834 F.2d 103 (6th Cir.1987).
 
 
 6
 It therefore is ORDERED that the motion to dismiss is granted and that this appeal is stricken from the active docket of this Court.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation