

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2008

# In Re: Barrish

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3619

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Barrish " (2008). *2008 Decisions.* Paper 795.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/795

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3619
_____

IN RE:  DANIEL C. BARRISH,

Petitioner
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-mc-00052)
District Judge:  Honorable John R. Padova
_____

Submitted Under Third Circuit LAR 34.1(a)
July 2, 2008

Before:  RENDELL, SMITH and FISHER, *Circuit Judges*.

(Filed: July 25, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

This appeal arises out of Daniel C. Barrish's five-year suspension from the practice of law in the United States District Court for the Eastern District of Pennsylvania, pursuant to its Local Rule of Civil Procedure 83.6 II(D).  For the reasons that follow, we will dismiss the appeal for lack of jurisdiction.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On March 15, 2006, the Pennsylvania Supreme Court suspended Daniel C. Barrish from the Bar of the Commonwealth for a term of five years. On March 21, 2006, in accordance with its Local Rule of Civil Procedure 83.6 II(B), the United States District Court for the Eastern District of Pennsylvania ordered Barrish to show cause why it should not impose a reciprocal five-year suspension. If Barrish could not convince the District Court that his case fit into one of the four exceptions codified in Local Rule 83.6 II(D), then he would receive the same five-year suspension that he had received from the Pennsylvania Supreme Court.

Barrish responded to the District Court's order on April 20, 2006, and on April 24, 2006, a committee comprised of Judges Paul S. Diamond, Bruce W. Kauffman, and John R. Padova took up the matter in order to make a recommendation under Local Rule 83.6 II(G). This committee considered Barrish's arguments and on June 12, 2006, recommended that he receive a reciprocal five-year suspension. Barrish responded to this recommendation by filing objections on June 22, 2006, also pursuant to Local Rule 83.6 II(G). On June 28, 2006, the District Court disagreed with the objections, agreed instead

with the committee's recommendation, and issued an order suspending Barrish from the practice of law for a term of five years.

Barrish filed a notice of appeal on July 31, 2006. On June 24, 2008, we sent Barrish a letter requesting that he submit a brief explaining why the appeal should not be dismissed for lack of jurisdiction due to an untimely notice of appeal. As he was unable to meet our original deadline, we granted on July 2, 2008 an extension to file his brief. We received his brief on July 7, 2008.

## II.

In a civil case, the notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(A). The Supreme Court has made it abundantly clear that, because this time limit derives from statute, it is jurisdictional, and no judicially-created doctrine of unique circumstances may excuse such an untimely appeal from being dismissed. *Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007).

Here, the District Court's order was entered on June 28, 2006. The thirtieth day from that date was July 28, 2006, a Friday. Barrish did not file his notice of appeal until the following Monday, July 31, 2006. To the casual reader of this opinion, that sort of delay seems trivial when compared to the innumerable delays encountered in one's life, but the Supreme Court has left no wiggle room in the context of jurisdictional deadlines. *See id.* at 2367 ("If rigorous rules like the one applied today are thought to be inequitable,

3

Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits.").

When we asked Barrish to brief this issue, we expected him either to concede the untimeliness or provide facts indicating that he filed his notice of appeal with the District Court clerk on time. He did neither. Instead, he argues that Federal Rule of Civil Procedure 52(b) saves him because the District Court allegedly never ruled formally on Barrish's objections to the recommendation of the three-judge committee, and so "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." FED. R. APP. P. 4(a)(4)(A). In other words, Barrish argues that his objections constituted a motion under Rule 52(b).

This response is wholly unsatisfactory. Indeed, the District Court's reference to Barrish's June 22, 2006 objections in its subsequent June 28, 2006 order constitutes an express rejection of those objections, similar to when district courts reject a party's objections to the report and recommendation of a magistrate judge under 28 U.S.C. § 636. Barrish's objections, therefore, are not still "pending" before the District Court, waiting to be decided as a motion to amend the judgment under Rule 52(b).[1] To repeat, the District Court's final order came after and unquestionably decided against Barrish's objections to

---

[1]Indeed, were there any objections or motions still pending before the District Court (and there are not), and Barrish were correct that the District Court's June 28, 2006 order was "not 'final' at all" (Letter Br. at 1 ¶ 1) (and he is not), then we do not have jurisdiction for the even simpler reason that 28 U.S.C. § 1291 generally limits our jurisdiction to appeals from final decisions of district courts.

the three-judge committee's report and recommendation, so the pending motions exception to Federal Rule of Appellate Procedure 4(a)(1)(A) does not apply to extend the 30-day time limit.[2]

Because Barrish's notice of appeal was untimely, and he has offered no factual or valid legal reason to refute that conclusion, we have no jurisdiction over this matter.[3]

### III.

For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction.

---

[2]Moreover, though Barrish does not cite this provision at all, we cannot treat this appeal as including the United States as a party, for which the time to file a notice of appeal is 60 days under Federal Rule of Appellate Procedure 4(a)(1)(B). *See In re O'Bryan*, 399 F.2d 916, 918 (10th Cir. 1968) (per curiam); *accord Matter of Suspension of Pipkins*, 154 F.3d 1009, 1009 (9th Cir. 1998).

[3]Ordinarily, upon concluding that we have no jurisdiction to entertain an appeal, we do not comment on the merits. Yet, we feel compelled in this case to offer some additional explanations to an attorney who seems insistent on continuing to fight this matter. We have held that "[t]he District Court has the inherent authority to set requirements for admission to its bar and to discipline attorneys who appear before it." *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003). Therefore, "we perceive our role in reviewing the district court's action to be extremely limited." *Id.* at 232. "Moreover, attorneys subject to reciprocal discipline in federal court bear the burden of demonstrating, by clear and convincing evidence, that one of the [four exceptions adopted from Supreme Court precedent by Local Rule 83.6 II(D)] precludes reciprocal discipline. Thus, there is no entitlement to a de novo trial before the District Court." *Id.* (internal quotation marks and citations omitted).

In this case, even were we to have jurisdiction (and we do not), we would conclude that the District Court properly gave Barrish ample opportunity to present evidence under any one of the four exception-providing subsections of Local Rule 83.6 II(D) and nonetheless acted within its discretion in finding that he had not met the high burden of "clear and convincing evidence" needed to show a serious defect in the state process to avoid a reciprocal suspension.