**John SINCLAIR, et al., Appellants,**

**v.**

**Richard G. KLEINDIENST, et al.**

**No. 82–1970.**

United States Court of Appeals,
District of Columbia Circuit.

Argued May 19, 1983.

Decided June 24, 1983.

Elizabeth M. Schneider, New York City, with whom Richard Chused, Washington, D.C., was on the brief, for appellants. David G. Lubell, New York City, also entered an appearance for appellants.

John D. Bates, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellees.

Before WALD and MIKVA, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the Court filed by Senior Circuit Judge MacKINNON.

MacKINNON, Senior Circuit Judge:

In 1973, appellants Sinclair, Plamondon and Forrest sued two Attorney Generals, the Director and three unnamed agents of the FBI, and the President of the United States claiming damages for alleged violation of their constitutional and statutory rights arising out of certain electronic telephone surveillance of the Black Panther Party in California in the year 1969. Over the years, decisions of the district court and this court have resulted in the dismissal of all claims against the original defendants. However, during the pendency of those proceedings, a second set of electronic surveillances involving the White Panther Party in Ann Arbor, Michigan during 1970 and 1971 was discovered. As a result of such discovery plaintiffs moved to amend their complaint and add claims against the three special agents of the FBI who allegedly participated in the White Panther Party electronic surveillances. The district court denied plaintiffs' motions to amend the complaint. This court reversed that decision and remanded the case with instructions that plaintiffs be allowed to amend their complaint to name the three special agents as defendants and to include claims relating to the White Panther Party surveillance. *Sinclair v. Kleindienst,* 645 F.2d 1080, 1085–86 (D.C.Cir.1981).

Following the amendment to the complaint, the three FBI agents moved to dismiss the action on various grounds. The plaintiffs opposed the motions for dismissal and, pursuant to 28 U.S.C. § 1406(a) (1976), moved to have all three cases transferred to the United States District Court for the Eastern District of Michigan. The district court dismissed the Plamondon and Forrest actions for, *inter alia,* failure to state a claim upon which relief could be granted, ruled that transfer of the Sinclair cause to Michigan was not in the interest of justice, and dismissed the Sinclair claim.[1] *Sinclair v. Kleindienst,* No. 610–73 (D.D.C. June 4, 1982); JA 21–22. Plaintiffs Plamondon

---

[1] The district court stated at the outset of its memorandum accompanying the order of dismissal that it lacked personal jurisdiction over the defendants. In the absence of personal jurisdiction, however, the district court could not properly consider any further action in the case, with the exception of ruling upon the motion to transfer under 28 U.S.C. § 1406(a). *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962).

and Forrest appeal the court's dismissal of their action and each plaintiff appeals the denial of his § 1406(a) motion to transfer.

■ The court dismissed the cause of action by Plamondon and Forrest for failure to state claim. FED.R.CIV.P. 12(b)(6). Our examination of the amended complaint reveals that there are general allegations sufficient to give adequate notice of the alleged unlawful acts which form the basis of each plaintiffs' claims. We accordingly decide that the amended complaint does state a cause of action and that the dismissal should be reversed.

■ By way of support for this disposition, we rely upon Supreme Court authority which holds that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted). The rule that the allegations of the complaint must be construed liberally and most favorably to the pleader is so well recognized that no authority need be cited. The claim by the government that the complaint does not contain *specific allegations* of the incidents involving the individual defendants and the *precise* violations claimed falls short of asserting supportable grounds for dismissal. The Federal Rules of Civil Procedure do not require a claimant to set out the precise facts on which the claim is based. All that is required is "a short and plain statement of the claim" that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. FED.R.CIV.P. 8(a)(2). "Notice pleading" is sufficient. *Conley v. Gibson, supra,* 355 U.S. at 47–48, 78 S.Ct. at 102–103. We find that Forrest and Plamondon have set forth sufficient

allegations to give the defendants notice of potentially viable claims of constitutional and statutory violations arising from allegedly illegal wiretaps conducted by the three defendants. We do not consider the complaint to be a model for the future but we do find it to be sufficient.

The trial court also denied Sinclair's motion to transfer which was based on 28 U.S.C. § 1406(a). This statute provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The court refused to transfer because, it stated, this was an "old case" and the new defendants were not added until five years after the complaint was filed. We do not consider that these factors justify denying the motion to transfer. While the original case involving the Black Panther Party was filed in 1973, the case involving the White Panther Party was not discovered until later. Upon discovery of the new claims, plaintiffs moved to amend the complaint within a reasonable amount of time. By order of this court, the three FBI agents were added as defendants in 1981. The lapse of time between the filing of the original action, the discovery of the current defendants, and the actual amendment of the complaint is not entirely attributable to the plaintiffs and is not a reason to deny the motion to transfer.

■ In our opinion the requested transfer of the cause of action would be "in the interest of justice." Refusal to transfer spells the end to the action, while transfer would not prejudice the defendants' position on merits.[2] The Supreme Court has inferred a congressional purpose underlying section 1406(a) favoring the transfer of cases when procedural obstacles "impede an

**2.** The defendants would not be barred from raising any defense or submitting any motions in the transferee court which would have been proper in the transferor court. While the three

FBI agents may move for summary judgment on the basis of qualified immunity, they have not done so yet and therefore that issue is not before this court.

expeditious and orderly adjudication . . . on the merits." *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962). The procedural obstacles which may be removed by a transfer include the lack of personal jurisdiction, improper venue and statute of limitations bars. *Dubin v. United States,* 380 F.2d 813, 816 (5th Cir.1967) (footnote omitted) ("[Section] 1406 operates when there is an obstacle—either incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits in the forum where originally brought.")

■ Transfer is particularly appropriate where, as here, without a transfer the cause of action would be barred by the running of the applicable statute of limitations. *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 430, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941 (1965) (It is in "the interests of justice" to transfer a case rather than dismiss when refiling of the action in the proper venue would be barred by applicable statutes of limitations.). It is clear that regardless of the exact date upon which this action would be deemed to have accrued, it is now too late for plaintiff to institute a new cause of action in Michigan based upon the White Panther Party surveillances.

■ In addition, it appears that transfer would enable the plaintiff to obtain personal jurisdiction over the three FBI agents. *Overby v. Johnson,* 418 F.Supp. 471 (E.D. Mich.1976) (the Michigan long-arm statute provides for limited personal jurisdiction over non-resident defendants whose acts within the state result "in an action for tort." M.C.L. § 600.705(2) (1976). Federal statutory claims are torts within the meaning of the state long-arm statute.). *Cf. Black v. Rasile,* 113 Mich.App. 601, 318 N.W.2d 475, 476 (Mich.App.1980) ("[T]he phrase 'action for tort' in M.C.L. § 600.-705(2) . . . should be construed as including statutory causes of action . . . ."). While

this district court does not have personal jurisdiction over the defendants, it appears likely that personal jurisdiction could be obtained in Michigan. Transfer would, therefore, make an adjudication on the merits of plaintiff's claims possible.

Because the alleged illegal wiretapping occurred in Michigan, it may also be easier to find evidence and witnesses in that area. Moreover, venue would be proper in Michigan. *See* 28 U.S.C. § 1391(e) (1976). Applying the traditional factors considered when ruling on a motion to transfer, we conclude that the Sinclair case should be transferred. In our judgment both venue and jurisdiction are proper in Michigan and the matter can be more efficiently litigated in that jurisdiction.

Since we have found that the dismissal of the Plamondon and Forrest causes of action was improper, and both of those appellants have also moved for transfer to the Eastern District of Michigan, we find that the same factors that dictate transfer of Sinclair's action apply also to the actions by Plamondon and Forrest. Thus, we order the transfer of all three cases to the Eastern District of Michigan.

CONCLUSION

For reasons set forth above it is hereby:

ORDERED and ADJUDGED, that the dismissal of the causes of action by appellants Plamondon and Forrest for failure to state a claim upon which relief could be granted is reversed and the district court is instructed to reinstate the causes of action; and it is further

ORDERED and ADJUDGED that the dismissal of the Sinclair cause of action is hereby reversed, and it is further

ORDERED and ADJUDGED that the district court is hereby instructed to transfer the Sinclair, Plamondon and Forrest causes of action to the United States Dis-

trict Court for the Eastern District of Michigan.

It is FURTHER ORDERED that the Clerk shall issue the mandate forthwith.

*Judgment accordingly.*