In the Matter of Gerd D.
VOELKER, Debtor.

DOUSMAN STATE BANK, Plaintiff,

v.

Gerd D. VOELKER, Defendant.

Bankruptcy No. 86–00484.
Adv. No. 86–0349.

United States Bankruptcy Court,
E.D. Wisconsin.

July 18, 1988.

Thomas G. Kreul, Schober & Radtke, New Berlin, Wis., for plaintiff.

Forrest B. Lammiman, Kravit, Waisbren & DeBruin, Milwaukee, Wis., for defendant.

## MEMORANDUM DECISION

C.N. CLEVERT, Chief Judge.

The Dousman State Bank ("Bank") filed this adversary proceeding under an unspecified provision of § 523 of the Bankruptcy Code seeking a nondischargeable judgment against the debtor, Gerd D. Voelker, in the sum of $274,550.00, plus interest costs and attorney fees. Voelker then asked that the complaint be dismissed for failure to state a claim upon which relief can be granted.

The Bank's complaint essentially alleges that Voelker intentionally defrauded it by participating in the reassignment of four home mortgages that Paragon Homes, Inc., had previously assigned to the Bank. In its brief opposing the dismissal, the Bank states that it is preceding under § 523(a)(4) and (a)(6) and that its complaint states a claim for larceny and conversion.

In determining a motion to dismiss for failure to state a claim upon which relief can be granted, the court must presume all factual allegations of the complaint as true and all reasonable inferences are made in favor on the non-moving party. *Miree v. DeKalb County, Georgia*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). Moreover, the allegations of the complaint are to be liberally construed. *Sinclair v. Kleindienst*, 711 F.2d 291 (D.C.Cir.1983). A complaint should be dismissed on the pleading only if it " 'appears that plaintiff can prove no set of facts in support of his claim which would entitled him to relief.' " *Zapp v. United Transportation Union*, 727 F.2d 617, 627 (7th Cir.1984) (citations omitted).

After a fair reading of the complaint, it appears that the Bank may be alleging larceny under § 523(a)(4), willful and malicious injury under § 523(a)(6), or both. Because the complaint is not focused and continuation of this action would place an unreasonable demand upon Voelker in deciding whether to defend against the § 523(a)(4) claim, or the § 523(a)(6) claim or both, the Bank's complaint is dismissed with leave to amend within ten days.