Chan KENDRICK, et al., Plaintiffs,

v.

Dr. Otis BOWEN, Jr., Sec'y of the Dep't of Health and Human Services, Defendant,

and

Sammie J. Bradley, et al., Defendant–Intervenors.

Civ. A. No. 83–3175.

United States District Court, District of Columbia.

Jan. 17, 1989.

Kathryn Kolhbert, Janet Benshoof, Lynn Paltrow, American Civil Liberties Union, New York City, for plaintiff.

Robert J. Cynkar, Brook Hedge, Theodore Hirt, Thomas Millet, U.S. Dept. of Justice, Civ. Div., for defendant.

ORDER

CHARLES R. RICHEY, District Judge.

Before the Court is the defendant Bowen's motion to dismiss the plaintiff Kendrick's amended complaint. For the reasons herein stated, the Court grants Bowen's motion as to Count I of the complaint, but denies the motion as to Count II. The Court further lifts the stay of discovery previously imposed in this matter.

Bowen correctly asserts that Count I of the complaint must be dismissed, insofar as the United States Supreme Court, in *Bowen v. Kendrick,* — U.S. ——, 108 S.Ct. 2562, 101 L.Ed.2d 520 (1988), has held that the Adolescent Family Life Act ("AFLA") is constitutional "on its face." In light of the Supreme Court's 5–4 decision, which overruled this Court's previous holding on this issue, Count I must be, and hereby is, dismissed.

However, Bowen also suggests that Count II of the complaint, which interposes an "as applied" challenge to AFLA, must be dismissed because none of the AFLA participants named in the original complaint are currently receiving AFLA funds. Bowen contends that because the Supreme Court remanded on the question of AFLA's constitutionality "as applied," and that because the Supreme Court has ordered this "as applied" analysis to proceed on the basis of a review of particular current grants, the fact that Count II has become dated, and names only AFLA recipients that are no longer in the program, causes Count II to become moot.[1]

The Court disagrees. Regardless of the precise nature of this Court's review on remand, and the Court expresses no opinion at this time as to the accuracy of Bowen's characterization of that role, Kendrick's original complaint did, and does, all that the Federal Rules of Civil Procedure require: the complaint originally put Bowen on notice of the *nature of the claim* for which Kendrick seeks relief, and it continues to do so.

1. The Court directed Bowen to provide a current list of AFLA recipients, which he has done. The list, supported by affidavit, supports Bowen's contention that none of the current recipients are the specific targets of Kendrick's original complaint.

Concededly, the facts have changed over the course of this litigation. The *nature* of this change, however, is of central importance. The facts have *not* changed in such a way as to remove the existence of a live controversy, which is the concern at the core of mootness doctrine.[2] Rather, the factual evolution has simply substituted the players at the heart of an ongoing dispute—a dispute over the way in which the Department of Health and Human Services administers AFLA. The controversy continues; the participants have changed.

Indeed, rather than a question of mootness, which goes to substantive law, Bowen's argument is more properly seen as a technical pleading argument. Notwithstanding his use of the term "moot," Bowen complains, in essence, that the specific facts alleged in Kendrick's current complaint are not the same specific facts which Kendrick must prove to succeed on remand. Bowen does not contend that Kendrick will be unable to allege or prove *any* set of facts which would support his allegations, a contention that Bowen would be required to make if the matter were truly moot.[3] Instead, he argues only that, under his construction of the Supreme Court's remand instructions, Kendrick's current complaint has not alleged such facts.

Under these circumstances—even accepting for the moment Bowen's characterization of this Court's task on remand—Bowen's contention calls for the application of what is, in essence, a fact pleading standard. It is accepted beyond dispute that the Federal Rules require only notice pleading. *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C.Cir.1983) ("The claim by the government that the complaint does not contain *specific allegations* of the incidents involving the individual defendants and the *precise* violations claimed falls short of asserting supportable grounds for dismissal. The [Federal Rules] do not require a claimant to set out the precise facts on which the claim is based.") (emphasis in original); Fed.R.Civ.P. 8. If Bowen is unclear as to the specific facts Kendrick intends to stress on remand, the remedy for his discomfort is further discovery, not further detail in Kendrick's original complaint.[4]

Because it appears to the Court that, under these circumstances, Kendrick's current complaint provides Bowen with fair notice of the nature of Kendrick's claim in Count II and the grounds upon which it rests, Bowen's motion to dismiss Count II shall be, and hereby is, denied.

Finally, and in light of the foregoing, it would appear that the stay of discovery imposed by this Court on November 9, 1988, effectively stalls the remand in its tracks. Accordingly, the stay of discovery previously imposed by this Court shall be, and hereby is, lifted. The parties are free from the date of this Order to conduct such discovery as might be deemed necessary to permit an evaluation of AFLA's constitutionality "as applied," in accordance with the decision of the Supreme Court. The parties shall complete discovery by June 15, 1989, and shall have until July 15, 1989 to file any dispositive motions. All oppositions and replies thereto shall be filed by August 15, 1989. Further, Bowen is directed to submit, within 30 days of this Order,

---

**2.** It is important to note that even the original proceeding in this Court extended far beyond the original seven AFLA recipients named in Kendrick's complaint. Discovery placed in issue the practices of numerous other AFLA recipients. That expansion through discovery did not create cause for dismissal of the complaint at the time, and the Court sees no reason why a similar expansion to include current recipients —even *if* required under the Supreme Court's opinion—should create cause for dismissal here.

**3.** Such a mootness argument, accepting Bowen's characterization of this Court's role on remand, might point out that AFLA grants had been effectively discontinued or that no entities had applied for or are currently receiving AFLA funds.

**4.** The Court also attaches significance to the length of this litigation. Kendrick's amended complaint was filed on December 29, 1983. It is inevitable that when challenges are raised to the administration of government programs, certain details of that administration, including the specific participants in the program, will evolve over a five-year period. In this Court's view, however, such evolution does not cause the *controversy* underlying the complaint—the administration of the program—to become of necessity moot.

an updated list of AFLA recipients which includes all information pertinent to the grant, including the amounts received by each, the date of the initial grant, and its expiration date.

SO ORDERED.