**Julie McDONALD, Plaintiff,**

v.

**Doak P. DOOLITTLE, M.D., Defendant.**

No. 94–4248–SAC.

United States District Court, D. Kansas.

March 29, 1995.

**234**

Ronald P. Pope, Eugene B. Ralston & Assoc., P.A., Topeka, KS, for plaintiff Julie McDonald.

Wayne T. Stratton, Steve A. Schwarm, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for defendant Doak P. Doolittle, M.D.

## MEMORANDUM AND ORDER

CROW, District Judge.

This is a medical malpractice case filed in federal court on the basis of diversity jurisdiction. The plaintiff is a resident of Kansas, and the defendant is a resident of Nebraska. The plaintiff alleges the defendant physician, as the operating surgeon, was negligent in his care and treatment of her. As alleged in the plaintiff's complaint, the defendant's negligent care and treatment of plaintiff occurred in Nebraska. (Dk. 1, ¶ 8). The defendant moves to dismiss for lack of personal jurisdiction and improper venue, and alternatively, to transfer venue. (Dk. 3).

In response to the defendant's motion, the plaintiff asked for limited discovery on the issue of personal jurisdiction (Dk. 5) and for an extension of time to respond to the defendant's motion (Dk. 6). The plaintiffs' motions were referred to the magistrate judge. The defendant responded in opposition to the plaintiff's motion for limited discovery. (Dk. 8). Saying she wanted to avoid the expense and time consumed in litigating the personal jurisdiction and venue issues, the plaintiff moved to transfer the case to the District of Nebraska pursuant to 28 U.S.C. § 1631 (Dk. 9). She followed that filing with a motion to change venue pursuant to 28 U.S.C. § 1404. (Dk. 11). The defendant filed memoranda opposing both motions. (Dk. 12 and 13). In addition, the plaintiff has filed a reply (Dk. 14), and the defendant has filed a supplement (Dk. 15).

In support of his motion to dismiss for lack of personal jurisdiction, the defendant argues that his conduct does not come within any of the Kansas long-arm provisions and that a Kansas court's exercise of jurisdiction over him would not comport with due process. Because the defendant does not reside in Kansas and none of the alleged acts of negligence occurred in Kansas, the defendant argues that venue in Kansas is improper pursuant to 28 U.S.C. § 1391(a). Alternatively, the defendant asks the court to transfer the action to the District of Nebraska as allowed by 28 U.S.C. § 1404(a).

Whatever the outcome of the personal jurisdiction challenge, there is very little question in the court's mind that District of Kansas is not a proper venue. Venue on a diversity case is governed by 28 U.S.C. § 1391(a), which provides that the case may:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The only defendant to the instant action resides in Nebraska. The plaintiff pleads in her complaint that the alleged negligent acts occurred in Nebraska. The court knows of no reason why this action could not have been brought in Nebraska. For these reasons, the District of Kansas is not a proper venue.

When venue is improper, the court may, in the interests of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). "[P]ersonal jurisdiction over the defendant is not a prerequisite" to a § 1406(a) transfer. *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir.1989), *cert. denied*, 493 U.S.

1071, 110 S.Ct. 1116, 107 L.Ed.2d 1023 (1990); *see Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendant or not."). Under the facts set forth in the complaint, the case could have been brought in the District of Nebraska. On whether to dismiss or transfer, the court must decide whether a transfer would be in the interest of justice.

■ The "interest of justice" proviso in § 1406(a) is not a "talismanic incantation." *Ross v. Colorado Outward Bound School, Inc.,* 822 F.2d 1524, 1526 n. 1 (10th Cir.1987). In *Goldlawr,* the Supreme Court inferred the congressional purpose behind § 1406(a) was to favor a transfer that removes procedural obstacles impeding "an expeditious and orderly adjudication of cases and controversies on their merits." 369 U.S. at 466–67, 82 S.Ct. at 916. Examples of procedural obstacles removed by a transfer include the absence of personal jurisdiction, incorrect venue, and statute of limitations bar. *Sinclair v. Kleindienst,* 711 F.2d 291, 294 (D.C.Cir. 1983). If upon refiling in the new venue the action now would be barred by the statute of limitations, then it is in the interest of justice and "particularly appropriate" to transfer. *Id.* (citing *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 430, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941 (1965) (Section 1406(a) prevents "the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run.")).

Equity plainly favors a transfer here. According to the plaintiff, the statute of limitations on her action has since expired, and Nebraska does not have a statute that would save her action from being untimely if now refiled there. There is no question that a Nebraska court would have personal jurisdiction over the defendant. A transfer, therefore, would make an adjudication on the merits of the plaintiff's claims possible and would eliminate the expense to the plaintiff in dis-

covering and proving personal jurisdiction over the defendant. The defendant himself in his original motion has identified the significant factors that favor transfer in this case, including the convenience of witnesses and the availability of process to compel testimony. The interest of justice is served by transferring this case to the District of Nebraska.

Throughout his five different legal memoranda, the defendant insists on dismissal first and a transfer only if dismissal is not granted. Despite adamantly holding this strict position of dismissal, the defendant offers not a single reason, legal or factual, for the court to choose it over a transfer other than the conclusory assertion that "dismissal is appropriate." This raises a question why the defendant refused to agree to the plaintiff's request for a transfer and, instead, insisted on the court deciding first his motion to dismiss. The defendant's failure to agree to the transfer necessitated both additional filings from the plaintiff and this written order resolving the contested matters. If the defendant had no tenable ground for demanding dismissal over a transfer, Rule 11 concerns would be implicated. Briefing on this matter would unduly extend the proceedings in this venue. In the interest of fairness and expediency, the court denies the plaintiff's request for costs and considers this admonition to defense counsel sufficient.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (Dk. 3) is denied;

IT IS FURTHER ORDERED that the plaintiff's motion to transfer (Dk. 9) and motion to change venue (Dk. 11) are granted on the grounds stated above;

IT IS FURTHER ORDERED that the case is transferred pursuant to 28 U.S.C. § 1406(a) to the District of Nebraska for all further proceedings;

IT IS FURTHER ORDERED that the clerk of this court shall transmit the court file, along with a copy of this order, to the Clerk of the United States District Court for the District of Nebraska.