# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

David G. Garmon,          :
                         :
        **Plaintiff,**     :
    **v.**               :         **Civil Action No. 11-0828 (CKK)**
                         :
Administrative Remedy     :
Coordinator *et al.*,       :
                         :
        **Defendants.**    :

## MEMORANDUM OPINION

In this prisoner action filed *pro se*, plaintiff alleges that while incarcerated at the Federal Correctional Institution in Edgefield, South Carolina ("FCI Edgefield"), he was prevented from exhausting his administrative remedies with regard to a charge of possessing a cellular phone. *See* David G. Garmon's Second Am. Compl. ("Am. Compl.") [Dkt. # 30] at 1, 3. Plaintiff names as defendants a unit manager, a case manager coordinator, and a hearing officer all at FCI Edgefield, and purports also to sue the Bureau of Prisons ("BOP"), its "Deputy Regional Counsel" and its "National Inmate Appeal Coordinator," *id*. ¶¶ 2-7, whom defendants have since identified as Craig Simmons and Harrell Watts, respectively. *See* Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss Pl.'s Second Am. Compl. ("Reply") at 1. Claiming that defendants violated his "rights as guaranteed by the first and fourtee[n]th amendment[s] to the constitution of the United States," plaintiff seeks a declaratory judgment and monetary damages.[1] *Id*. at 22.

---

[1] The Court recognizes that the Fourteenth Amendment does not apply to plaintiff's claims against federal officials but assumes under the liberal reading accorded *pro se* pleadings that plaintiff is asserting a claim under the due process clause of the Fifth Amendment.

Defendants argue for dismissal of the second amended complaint on several grounds including that of improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. *See* Mem. of P. & A. in Support of Defs.' Mot. to Dismiss Pl.'s Am. Compl. at 16-17; Reply at 7-8. Plaintiff states that this venue is proper "because a substantial part of the omissions giving rise to these claims occured [sic] in this district," Am. Compl. at 3, but the only potentially viable federal claim gleaned from the allegations arises out of the "SIS investigation . . . completed" at FCI Edgefield on August 10, 2010, "concluding that plaintiff be charged with possession of a hazardes [sic] tool (celluler [sic] phone)," *id*., and the ensuing grievance initiated at that facility.

The United States Court of Appeals for the District of Columbia Circuit has instructed this Court to "examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). This venue is not proper for litigating plaintiff's constitutional claim for monetary damages, which must be brought against the individual wrongdoers in South Carolina under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *cf. with Gonzalez v. Holder*, 763 F. Supp. 2d 145, 153 (D.D.C. 2011) ("[A] prison official's decision on an inmate grievance with respect to an alleged constitutional violation does not itself render him personally liable under *Bivens*.") (citing cases). Moreover, " 'the availability of [declaratory] relief presupposes the existence of a judicially remediable right,' " *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011), *quoting C & E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) (other citations omitted) (bracket in original), which the court entertaining plaintiff's *Bivens* claim must decide.

Rather than dismiss this case, the Court finds it in the interest of justice to transfer it to the appropriate court, which presumably may exercise personal jurisdiction over the individuals directly involved in the alleged unconstitutional conduct. *See Gonzalez*, 763 F. Supp. 2d at 153 ("Transfer is appropriate 'when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits.' . . . Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it.") (quoting *Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (D.C. Cir. 1983)) (brackets in original) (other citation omitted). A separate order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: April 16, 2012