## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DENNIS L. MAXBERRY,

*Plaintiff*,

v.

DOUG TULINO, *et al.*,

*Defendants*.

Civil Action No. 24 - 2623 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Dennis L. Maxberry, a resident of Chippewa Falls, Wisconsin, filed this lawsuit against the U.S. Postmaster General and the U.S. Equal Opportunity Commission (EEOC). *See* Compl., ECF No. 1. Although his Complaint, ECF No. 1, and supplemental filings, ECF Nos. 6, 10, are far from clear, he appears to challenge his non-selection to a position at the U.S. Post Office in Chippewa Falls under Title VII of the Civil Rights Act of 1964. *See id.* The Defendants have moved to transfer the case to the United States District Court for the Western District of Wisconsin. Defs.' Mot., ECF No. 14. The Court grants the motion and transfers the case.[1]

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, "provides the exclusive judicial remedy for claims of discrimination in federal employment," *Brown v. GSA*, 425 U.S. 820, 835 (1976), and it governs "[a]ll personnel actions affecting employees or applicants for employment," 42 U.S.C. § 2000e-16(a). Venue in a Title VII case is not determined under the general venue statute. *See* 28 U.S.C. § 1391; *see, e.g.*, *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 86

---

[1] The Plaintiff named former Postmaster General, Louis Dejoy, as a Defendant in the Complaint. The interim Postmaster General, Doug Tulino, is "automatically substituted as a party" in his place pursuant to Federal Rule of Civil Procedure 25(d).

(D.D.C. 2014). Rather, Title VII's special venue provision governs. *See Daniels v. Wilkie*, No. 17-cv-1543, 2018 WL 2324085, at *3 (D.D.C. May 22, 2018). Under that provision, venue is proper

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). "Venue is proper if at least one of the section 2000e-5(f)(3) prongs is satisfied." *Alessa v. Harker*, No. 20-cv-1320, 2021 WL 5911180, at *3 (D.D.C. Mar. 31, 2021) (citations omitted).

Mr. Maxberry's filings contain no facts establishing the District of Columbia as the proper venue under Section 2000e-5(f)(3). None of the relevant events occurred in the District of Columbia; the relevant record does not appear to be maintained in the District of Columbia; and there is no evidence that Mr. Maxberry would have worked in the District of Columbia but for the Defendants' alleged unlawful employment practices. *See* 42 U.S.C. § 2000e-5(f)(3). Venue in this judicial district is thus improper.

When "venue [is laid] in the wrong [judicial] district," a district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district "in which it could have been brought." 28 U.S.C. § 1406(a). A case may be transferred to any district where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Dismissal of a pro se plaintiff's case in this context is disfavored, *see James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (noting that "[c]ourts generally favor transfer over dismissal," and that "[t]his is especially true" for pro se plaintiffs), and the Court declines to do. Instead, it transfers this case to the Western District of Wisconsin, where the U.S. Post Office in Chippewa Falls is

located. Section 1404(a) "place[s] discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) (cleaned up). Because Mr. Maxberry is a resident of Chippewa Falls, Wisconsin, and the alleged unlawful employment practice occurred in Chippewa Falls, Wisconsin, litigating this case in the Western District of Wisconsin does not appear to be any more burdensome than proceeding in the District of Columbia. Transfer also provides Mr. Maxberry the opportunity to pursue his claims in a forum where, presumably, the relevant employment records and witnesses would be found. And transfer "would not prejudice the [Defendants'] position on merits." *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983).[2]

For these reasons, the Court grants the Defendants' Motion to Transfer, ECF No. 14, and transfers the case to the United States District Court for the Western District of Wisconsin. The Defendants' request that the Court stay the deadline to respond to the Plaintiff's complaint is left to the receiving court. A separate order will issue.

_____

SPARKLE L. SOOKNANAN
United States District Judge

Date:   May 13, 2025

_____

[2] On March 14, 2025, the Court directed Mr. Maxberry to respond to the Defendants' motion to transfer by April 14, 2025, or risk the possibility that the motion would be treated as conceded or decided based on Defendants' arguments alone. *See* Order, ECF No. 15. On April 10, 2025, the Court extended Mr. Maxberry's deadline to May 12, 2025, at his request. *See* Min. Order (Apr. 10, 2024). On May 6, 2025, Mr. Maxberry filed another motion for extension of time. *See* Mot. Extension of Time, ECF No. 17. The seven-page document captioned "Motion for Extension of Time by the Plaintiff/Petitioner in Order to Reclaim the Freedom of Information on the Stalled Placed by [a] Lock Out," *see id.*, does not appear to be a request for more time to respond to the transfer motion and provides no reason why transfer is inappropriate.